UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID M. CANTRELL,<br>    Petitioner,<br><br>v.<br><br>JOE EASTERLING,<br>    Respondent. | )<br>)<br>)<br>)   No. 3:13-01079<br>)   Judge Campbell<br>)<br>)<br>) |

**M E M O R A N D U M**

David M. Cantrell (Cantrell or defendant), has filed a *pro se* "Motion to Show Cause" (Docket No. 1), to which the respondent has filed a response in opposition (Docket No. 19). Cantrell is an inmate at the Lois DeBerry Special Needs Facility in Nashville, Tennessee.

**I.    BACKGROUND**

In 1995, following a jury trial in the Circuit Court of Hickman County, Cantrell was convicted of four counts of aggravated rape and one count of false imprisonment. The trial court sentenced the defendant to forty years on each of the aggravated rape convictions and structured service of the sentences to result in an effective term of eighty years. *State v. Cantrell*, No. 01C01-9604-CC-00136, 1997 WL 661496, at *1 (Tenn. Crim. App. Oct. 24, 1997). On each of the four judgment orders entered on the aggravated rape convictions, the defendant was designated a "Multiple 35% Range 2" offender. *Cantrell v. Easterling,* 346 S.W.3d 445, 448 (Tenn. 2011). Although each judgment order also contained a place in which to designate the defendant-offender a "Multiple Rapist," none of the defendant's four judgment orders on his aggravated rape convictions reflected this designation. *Id.*

Cantrell appealed, challenging the sufficiency of the evidence and claiming that his effective

1

eighty-year sentence was excessive. *State v. Cantrell*, No. 01C01-9604-CC-00136, 1997 WL 661496, at **5-6 (Tenn. Crim. App. Oct. 24, 1997). The Tennessee Court of Criminal Appeals affirmed the defendant's convictions and sentence on October 24, 1997. *Id.* Although the intermediate appellate court made specific mention of the defendant's sentencing classification as a "Range II Multiple Offender," it did not address that classification as error. *Id.* The Tennessee Supreme Court denied the defendant's application for permission to appeal. *Id., perm. appeal denied* (Tenn. July 6, 1998).

On April 21, 2009, Cantrell filed a *pro se* petition for writ of *habeas corpus* in state court alleging that the judgments entered against him were void because the sentencing court did not have statutory authority to sentence him as a Range II multiple offender "with a release eligibility of 35%." *Cantrell v. Easterling*, No. W2009-00985-CCA-R3-HC, 2010 WL 848810, at *5 (Tenn. Crim. App. Mar. 10, 2010). The *habeas* court denied relief, ruling that the defendant's sentences on his aggravated rape convictions were not illegal. *Id.* The defendant appealed, and the Tennessee Court of Criminal Appeals affirmed on March 10, 2010, concluding that the designation of the defendant as a "Multiple 35% Range 2" offender was "merely a clerical error." *Id*.

However, on August 1, 2011, the Supreme Court of Tennessee reversed, reasoning that, because the four uniform judgment documents indicated that the defendant was eligible for early release on parole, which was in direct contravention of a statutory provision, the four sentences were illegal and void. *Cantrell v. Easterling*, 346 S.W.3d 445, 459 (Tenn. 2011). The Supreme Court left Cantrell's convictions "intact" but directed the entry of four amended judgment orders, each to set forth the legal sentence on each of the defendant's four convictions of aggravated rape, including the designation that the defendant is a "Multiple Rapist" with no parole eligibility. *Id.* at 448, 459

(Tenn. 2011).

## II.  ANALYSIS

On August 30, 2013, Cantrell filed a "Motion to Show Cause" (Docket No. 1) in this court. In his motion, Cantrell "requests that the District Court of Davidson County at Nashville instruct Hickman County Court to set a date for his return to answer questions about the illegal conviction and sentencing as one-hundred percent (100%) as directed by the TDOC without the authority to do so." (Docket No. 1 at p. 2).

Finding that Cantrell's allegations failed to provide the court with a complete understanding of his claims, the court directed the Clerk to serve a copy of Cantrell's Motion to Show Cause and the court's order on the respondent and the Attorney General of Tennessee. (Docket No. 11). The court granted the respondent thirty (30) days from the date of entry of the court's order in which to file whatever response to the motion that he deemed appropriate. (*Id.*)

On January 31, 2014, the respondent filed a response in opposition to the Motion to Show Cause, arguing that, to the extent that Cantrell's motion reflects a request for relief under 28 U.S.C. § 2254, the court should reject the pleading as untimely filed and, in any event, deny the pleading because it does not state a cognizable claim for federal relief under § 2254(a) or otherwise. (Docket No. 19 at p. 4).

In considering whether to construe Cantrell's motion as a petition for relief pursuant to 28 U.S.C. § 2254, the court notes that Cantrell did not cite to § 2254 in his motion. In addition, Cantrell's motion does not seek as a remedy his immediate release from confinement or a shorter term of confinement. His sole request for relief is for this court to instruct the state court to schedule a hearing for him. As such, the court is reluctant to construe Cantrell's motion as a petition for

3

relief pursuant to § 2254, particularly considering the consequence of doing so; prisoners are only allowed one such petition as a matter of right, and before a second or successive petition may be adjudicated in the district court, a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Given these considerations, the court declines to construe Cantrell's motion as a petition for relief pursuant to 28 U.S.C. § 2254.

The crux of Cantrell's motion is that he believes the Hickman County Court has failed to comply with the orders of the Tennessee Supreme Court or otherwise has engaged in some inappropriate conduct. Specifically, Cantrell demands an explanation for why the Hickman County Court amended Cantrell's four judgment orders for aggravated rape in July 1999, well before the Tennessee Supreme Court ordered the Hickman County Court to do so in its August 2011 opinion. (Docket No. 1 at pp. 1-2). He also takes issue with the fact that these amended orders were not presented to the Tennessee Supreme Court. (*Id.* at p. 1). He believes his "due process" rights have been violated. (*Id.* at p. 2). Cantrell asks this court to order the Hickman County Court to set a hearing at which Cantrell is permitted to appear and argue his points. (*Id.*)

However, to the extent that Cantrell seeks review of a state court judgment or judgments, the court cannot review those allegations. Under the *Rooker-Feldman* doctrine, "United States district courts . . . do not have jurisdiction [] over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in this [the United States Supreme] Court."). *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-83, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also Exxon Mobil Corp. v. Saudi*

4

*Basic Indus. Corp.*, 544 U.S. 280 (2005). Simply put, "[l]ower federal courts possess no power whatever to sit in direct review of state court decisions." *Cleveland Surgi-Center v. Jones*, 2 F.3d 686, 691 (6th Cir. 1993); *Exxon Mobil Corp.*, 544 U.S. 280, 281 ("Federal district courts, *Rooker* recognized, are empowered to exercise only original, not appellate, jurisdictions."). Similarly, federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970). See also *Younger v. Harris*, 401 U.S. 37 (1971) (federal court abstention is appropriate where plaintiff seeks injunction against state court criminal proceedings).

Thus, Cantrell may not file a motion attacking Tennessee state court proceedings or judgments in a collateral proceeding in this federal court. Such a practice would amount to obtaining review in this court of a decision of a Tennessee state court. Furthermore, this court cannot dictate what hearings are scheduled before a Tennessee state court. Consequently, to the extent that Cantrell's motion seeks such relief, his motion will be denied.

### III. CONCLUSION

For the reasons explained herein, Cantrell's motion to show cause (Docket No. 1) will be denied, and this action will be dismissed.

An appropriate order will be entered.

Todd J. Campbell
United States District Judge